## EMERSON v. SIMPSON.

Conditions subsequent are not favored in law, and are construed strictly.

If a deed is made upon condition that the grantee shall forever keep up and maintain a fence on the line between the land conveyed and the grantor's land, the land will not be forfeited by neglect to keep up the fence after the death of the grantee.

THIS is a writ of entry to recover thirteen acres of land in Windham. The case was submitted upon an agreed statement of facts.

The demandants, Amos Emerson and others, in 1849, conveyed to one George Simpson, his heirs and assigns, the land demanded, by deed containing this condition :

"Provided, nevertheless, if the said George Simpson shall neglect to keep up and maintain forever, at his own expense, a good and lawful fence, constructed of wood, or stone, on the line between his own land and land of said Amos and James Emerson, then this deed shall be void," &c.

George Simpson, during his life, kept up and maintained on said line a good fence of wood, and died January 20, 1858, leaving a widow, the defendant, and a minor child, his heirs-at-law. The widow was appointed guardian of the child, and has since occupied and received the income of the land, as guardian. After the death of George Simpson nothing was done toward keeping up any fence on said line, and there was not in the years 1858, 1859, and 1860, a good and lawful fence on said line, but the same was defective and insufficient, and the demandants in each of those years, verbally notified the defendant of the defect, and requested her to repair the fence, and on the 20th of June, 1861, gave her a notice in writing, as follows :

"To Mrs. Emeline Simpson, guardian of the minor child of George Simpson, late of Pelham, deceased.

Whereas, a deed of a piece of land in Windham, given by us to George Simpson, dated August 18, 1849, and recorded in the Rockingham registry of deeds, Lib. 335, Fol. 391, contains the following provision :

"Provided," &c. (as before stated). This condition is not performed, and this is to notify you, that unless it is fulfilled forthwith, we shall commence an action for the recovery of the land for condition broken.

                                                    AMOS EMERSON.
Windham, June 18, 1861.                             JAMES EMERSON."

Nothing was done to said fence by said Emeline, or any one, and on the 11th of July, 1861, the demandants entered upon and took possession of said land, in the presence of witnesses, for condition broken, and cut down and carried away part of the hay growing there, and the said Emeline afterward entered on said land, and cut and carried away the rest of the hay. On the 7th of August, 1861, after the demandants had cut and carried away part of the hay, the defendant with her servants went upon the land for the purpose of repairing the fence, and she was then notified that the de-

mandants had entered on the land for condition broken, on July 11, 1861; but she had no previous notice, though she knew that they had cut down part of the hay growing there. The demandants then claimed that the land was forfeited, and refused to allow her to build the fence, and prevented her building it.

*Stickney,* for the plaintiff, cited the following authorities. The deed is conditional. 1 Shep. Touch. 121 and 122, 177; *Gray* v. *Blanchard,* 8 Pick. 284. The condition is a charge on the land, binding all who come into possession; 1 Shep. Touch. 120; 2 Cruise, Tit. 13, ch. 2, sec. 15; *Leavitt* v. *Wooster,* 14 N. H. 550; *Baker* v. *Dodge,* 2 Pick. 619; like covenants real; 1 Shep. Touch. 179, n. 1; *Morse* v. *Aldrich,* 19 Pick. 449; 1 Met. 544. Heirs are bound like assignees, though without assets. *Morse* v. *Aldrich;* *Derisley* v. *Constance,* 4 T. R. 75; *Swazey* v. *Little,* 7 Pick. 296; 2 Wms. Saund. 7, n. 4. Assignees are bound, though not named, by covenants, or conditions, which are a charge on the land. 1 Shep. Touch. 140, 179. The omission of *heirs and assigns,* is material only in reference to the time of performance, or duration of the duty. If the time of performance is fixed, or if the duty is to continue beyond the life of the party, the heir is bound. 1 Shep. Touch. 178; *Morse* v. *Aldrich.* Here the word *forever* is conclusive, that the duty was not to be limited to the life of the grantee. The minority of the heir is no excuse. *Barker* v. *Cobb,* 36 N. H. 344; 1 Shep. Touch. 120, and n. 1; Bac. Ab., Cond., F; 2 Cruise, Tit. 13, ch. 2, sec. 17; 1 Kent's Com. 126; *Garrett* v. *Sconten,* 3 Denio 334; *Cross* v. *Carson,* 8 Blackf. 138. The neglect to repair was a breach of condition, and no demand or notice was necessary. *Sanborn* v. *Woodman,* 5 Cush. 36; *Hamilton* v. *Elliot,* 5 S. & R. 375; *Ross* v. *Tremain,* 2 Met. 495; *Hodgdon* v. *Stoughton,* 5 Pick. 528; 1 Shep. Touch. 145. If either was necessary, the notice and entry were sufficient. *Barker* v. *Cobb,* above; *Tilden* v. *Tilden,* 13 Gray 103. The entry defeated the deed, and revested the title. 1 Shep. Touch. 154; 2 Cruise, Tit. 13, ch. 2, sec. 52.

*Morrison, Stanley & Clark,* for the defendant. The law leans against forfeitures for breach of condition. *McQueston* v. *Morgan,* 34 N. H. 400; *Chapin* v. *School District,* 35 N. H. 445. All the authorities are to the effect that conditions of forfeiture are to be construed strictly. George Simpson alone was bound to keep up the fence, not his heirs, or assigns. He was bound during his life. The deed was to him, his heirs, &c.; the condition names him alone. *Merrifield* v. *Cobleigh,* 4 Cush. 178. Conditions subsequent are construed with great strictness. *Bradstreet* v. *Clark,* 21 Pick. 325; 12 Barb. 440. If the condition bound the heirs, a personal demand was necessary; a written demand was not enough. *Bradstreet* v. *Clark,* 19 Pick. 325; *Haynes* v. *Brown,* 36 N. H. 545. The defendant was entitled to a reasonable time to comply with the demand. The time here was not reasonable,—only twenty days to fence thirteen acres. She was entitled to notice of the entry. Without notice, the entry would not avail the plaintiffs. When

she learned the entry, she proceeded to build the fence, and was prevented by the plaintiffs; that excused any want of further attempts. 2 Com. Dig. 116.

BELL, C. J. If this was the case of a covenant, the liability of the defendant to maintain the fence in question might depend upon the fact, which is not shown in the case, whether there was or not a fence around the land conveyed, at the time of the conveyance, according to the distinction taken in *Spencer's Case*, 5 Co. 16, where it was resolved, that if the covenant concerns a thing which was not *in esse* at the time of the demise made, but to be done upon the land afterward (for instance, to build a new wall on some part of the premises demised), the covenantor, his executors and administrators, would be bound, but not the assignee if he was not named, for the law would not annex a covenant to a thing which had no being; but if the lessee had covenanted for himself and his assigns, then forasmuch as it was to be done upon the land demised, it should bind the assignee; and the reason given is, that although the covenant did extend to a thing to be newly made, yet as it was to be made upon the thing demised; and the assignee was to take the benefit of it, therefore he should be bound by express words.

This distinction has been always adhered to. Platt on Cov. 471; Taylor L. & T. 301; Wms. L. & T. 290; *Lametti* v. *Anderson*, 6 Cow. 307; *Thompson* v. *Roe*, 8 Cow. 266; *Allen* v. *Culver*, 3 Denio 284; *Tallman* v. *Coffin*, 4 Coms. 136; *Lampson* v. *Easterly*, 9 B. & C. 505; 6 Bing. 644; *Doughty* v. *Bowman*, 11 Q. B. 444; *Congleton* v. *Pattison*, 10 East 138; 1 Wash. R. P. 330.

Conditions subsequent are not favored in law, says Ch. *Kent* (4 Com. 129), and are construed strictly, because they tend to destroy estates; and a vigorous exaction of them is a species of *summum jus*, and in many cases hardly reconcilable with conscience. If then a condition be personal, as that the lessee shall not sell without leave, the executors of the lessee not being named, may sell without incurring a breach. Dyer 65; Moor 11.

It is a general rule (says the Touchstone 133), that such conditions annexed to estates as go in defeasance, and tend to the destruction of estates, being odious in the law, are taken (that is construed or expounded) strictly, and shall not be extended beyond their words, unless it be in some special cases; and, therefore, if a lease be made on condition that if such a thing be not done, the lessor (without any words of heirs, executors, &c.) shall reënter and avoid it, in this case regularly the heir, executor, &c., shall not take advantage of this condition. So if one make a lease for years of a house on condition that if the lessor shall be minded to dwell in the house, and shall give notice to the lessee, that he shall depart, in this case if the lessor die, his heir, executor, &c., shall not have the like advantage and power as the lessor himself, for the condition shall not be extended to them, and hence it is, that if a lease for years be made on condition that the lessee shall not alien without the license of the lessor, in this case the

restraint shall continue only during the lives of the lessor and lessee, and no longer.

The same doctrine will be found in Litt. Ten., sec. 337; Willard R. E. 105; Wash. R. P. 447; *Nicoll* v. *Railroad*, 2 Kern. 131; 1 Smith L. C. 99; *McQueston* v. *Morgan*, 34 N. H. 400; *Chapin* v. *School District*, 35 N. H. 445; *Ludlow* v. *Railroad*, 12 Barb. 440.

In the case of *Merrifield* v. *Cobleigh*, 4 Cush. 184, the owner of land made a deed of a part, with the condition, that whenever the grantee, his heirs, or assigns, shall neglect or refuse to support the fence, the deed shall be void. Shaw, C. J., says, such a condition, when relied on to work a forfeiture, is to be construed with great strictness. The demandant shall have his exact legal right, but no more. *Bradstreet* v. *Clark*, 21 Pick. 389. And the action failed for want of a request, without which there would be neither a neglect or a refusal.

Upon these principles, it is held that where a condition applies in terms to the grantee, or lessee, without mention of heirs, executors, or assigns, the condition can not be broken after the death of the grantee, or lessee. If heirs and executors are named, but assignees are not, it will not be broken by any act of an assignee.

Thus in Dyer 65 (Anon.), a question was asked upon the words of a lease, to wit, " and it shall not be lawful for the lessee to give, sell, or grant his estate and term to any person whatever without license of the lessor, under penalty of the forfeiture of said term." The lessor and lessee died, and the executors sold the term without license of the heir. It was held that this was not a forfeiture, because the restriction was only during the lives of the lessor and lessee. Cited Com. Dig., Condition F.

In *Cobb* v. *Prior*, 2 Leon. 35, it is held, that if a man devises land to his wife, during the minority of his son, upon condition that she shall not do waste, and dies, and his wife marries again and dies, and after the husband commits waste, the condition is not broken, because a condition to avoid an estate shall be taken strictly. Latch 20, and 2 Leon. 48, S. C. and Vin. Ab., Condition M, a 8.

In the year-book 27 H. 8, 14, 15 (Bro. Ab., 151), the case was, that the prior of St. Johns leased for years, provided that if said prior, or any of his friars should wish to inhabit the premises and give a year's notice, the lessee should remove. The prior died, and his successor gave the year's notice; and it was held that as the successor was not named, the condition did not extend to him; and the judges held, that if a lease is made upon condition, &c., that the lessor may enter, and do not speak of his heirs or successors, by the death of the lessor the condition is extinct.

In *Dumpor's Case*, 4 Co. 119, 1 Smith L. C. 15; S. C., Cro. Eliz. 815, the same strictness is found, where it was held that a condition in a lease for years, that the lessee or his assigns should not alienate without license of the lessor, and license was given to make one assignment, the condition would not bind the assignee.

So it was held by two judges in the case in Dyer 152, cited in *Dumpor's Case*, where a proviso in a lease was, that the lessee and his executors should not alien to any person without license of the

lessor, but only to one of the sons of the lessee, and the lessee died, and his executors assigned it over to one of his sons, that the son might alien to whom he pleased without license.

In *Whitchcot* v. *Fox*, Cro. Jac. 398, there was a lease for years, with a condition that the lessee should not alien but to his wife during her life, and the residue to his children, or one of his youngest brethren, upon pain of forfeiture; the lessee assigned the term to his brother; it was held the baron might not alien to his wife, therefore in that point the condition is void, and thereby liberty is given to alien to his brother, and when he has aliened to him, the condition is dispensed with, and he may alien to whom he pleases.

In *Lynde* v. *Hough*, 27 Barb. 415, it was held, that the extent and meaning of a condition, and the fact of a breach, are questions *strictissimi juris*, and a plaintiff, to defeat an estate of his own creation, must bring the defendant clearly within its letter. And where it was shown that a third person was in the occupation of part of the premises, but it did not appear whether he was in under the lessee himself, or under an assignee of the lease, it was held by the court, that if he was in under an assignee, it was no breach of a condition that the same or any part thereof should not be let or underlet without the written consent of the landlord, under penalty of forfeiture; that the covenant was both collateral, and merely personal. It is the engagement of the lessee for himself alone, not naming his assigns, whether actual, or legal; and if he had a right to assign the whole term, his assignee takes the estate without the condition, as not being bound by it; and the words, let and underlet do not mean an assignment of the whole term.

In the case before us the condition is in terms confined to the grantee, "if the said George Simpson shall neglect," &c., without mention of heirs, executors, administrators, or assigns, and it comes therefore fully within the principle of the cases referred to. The condition is personal, and bound George Simpson alone, and no breach is shown during his life.

An argument is drawn from the word forever, that the charge of maintaining the fence was intended to be a permanent condition. We think it is more than neutralized by the terms at his own expense, which limits it to the grantee in person.

Judgment is to be rendered for the defendant, unless one of the parties shall elect a trial by jury.