Belknap,
No. 4577.

YVONICK DUHAMEL & a v. JOHN O. PRESCOTT & a.

Argued September 4, 1957.

Decided September 30, 1957.

*Bernard I. Snierson* and *John P. Chandler* (*Mr. Chandler* orally), for the plaintiffs.

*Upton, Sanders & Upton* (*Mr. Richard F. Upton* orally), for the defendants John O. and Samuel J. Prescott.

WHEELER, J. The master found that when the plaintiffs discussed purchase of the property, they were fully aware of the existing restrictions and that they purchased relying upon the statement of Ellsworth Eddy that John O. Prescott, by an instrument dated June 1, 1954, had released the restrictions. It was further found that after execution Eddy had inserted, without authorization of either party, a clause in this instrument which purported to remove the restrictions as to a "motel." The parties agreed in the deed of conveyance of the property that the restrictions imposed "are intended to be and shall be taken as covenants to run with the land and which are intended to be and shall be taken as conditions thereof . . . . " There is nothing in the evidence which discloses that a common grantor had adopted a general scheme of development or uniform plan restricting all lots sold in the same manner

and intending to create reciprocal benefits. *Nashua Hospital* v. *Gage*, 85 N. H. 335; *Sun Valley &c. Co.* v. *Watts*, 98 N. H. 428. There was evidence from which it could be found that the restrictions imposed on the plaintiffs were designed to protect and benefit the large tract of land of John O. Prescott on the easterly side of the highway. For these reasons we hold that the restrictions imposed were covenants running with the land which were binding on the plaintiffs.

The changes in the neighborhood were not such as to entitle the plaintiffs as a matter of law to the relief sought. No changes have occurred since the plaintiffs accepted their deed in August, 1954. See Restatement, Property, s. 564. The changes prior to that date on which the plaintiffs rely have not been "so radical and complete" as to defeat the purpose for which the restrictions were imposed on Camp Dewey. 4 A. L. R. (2d) 1111, 1113, 1114.

While there was evidence of violation of restrictions imposed by John O. Prescott in his deed of the Whispering Pines property it could be found that he has not waived the restrictions.

Furthermore failure of an owner to take action for violation of restrictions in other parts of the restricted district does not preclude him of right of enforcement for a violation "in proximity to his property which would be especially and directly injurious to him." 4 A. L. R. (2d) 1111, 1114.

The record sustains the action of the court.

*Exceptions overruled.*

All concurred.