Carroll
No. 7031

ROBERT A. GOLDBERG
DOROTHY H. GOLDBERG

v.

AL TINSON, INC.
HOWARD D. JOHNSON CO., a.k.a.
HOWARD D. JOHNSON COMPANY

May 30, 1975

*Devine, Millimet, Stahl & Branch ( Mr. Shane Devine* orally) for the plaintiffs.

*Hastings & Son,* of Maine *(Mr. Peter G. Hastings* orally), for the defendants.

GRIMES, J. The question presented is whether the superior court properly quieted title to two parcels of property, which had express land use restrictions in their deeds, because of significant changes within the surrounding neighborhood. We hold that it did.

After finding that the surroundings had significantly altered so "as to defeat the purposes of any claimed restrictions", the trial court ruled that the restrictions were no longer enforceable. Defendants' exceptions were reserved and transferred by *Batchelder,* J.

All parties in this action are successors in title from a common grantor. White Mountain Mineral Camps Inc. (White Mountain), the common grantor, had assembled a large tract of land in North Conway from which it began to sell portions in 1950. The entire tract was divided in a north-south direction by Route 16 near its junction with U.S. Route 302. White Mountain never filed a plot plan showing the location of the various properties sold. Nor did it file a statement of conditions which applied to all conveyances.

All of White Mountain's land east of Route 16 at the junction of U.S. Route 302 was sold to Mill Shops, Inc. (Mill Shops) by deed dated August 8, 1950. That deed recited:

> "Part of the consideration of this deed is an agreement on the part of the Grantors that it will not use or permit the use of any of its land in Conway, North Conway, or Redstone, for restaurant purposes, ice cream, beverages, or similar enterprises for a period of fifty years from and after the date of this instrument and that in the event of any sales, a proper restriction will be part of the conveyance."

Mill Shops subsequently divided this parcel into two parts, the first of which was conveyed by deed to John H. Knox on April 4, 1953. John Knox conveyed all his interest to Al Tinson on April 15, 1959, and Tinson subsequently conveyed it to Al Tinson, Inc., on May 22, 1959. The defendant Al Tinson, Inc., presently operates a Howard Johnson franchise on this location. The deeds in the chain of title from Mill Shops to Al Tinson, Inc., do not contain any reference to the agreement of White Mountain in its deed to Mill Shops to restrict the use of its remaining land.

Mill Shops later sold the balance of its interest directly to the Howard D. Johnson Company on September 22, 1967. Howard Johnson presently owns this undeveloped tract abutting the Tinson property on the south and east. Again there was no express mention

of the agreement between Mill Shops and White Mountain in this deed.

Plaintiffs, Robert A. Goldberg and Dorothy H. Goldberg, own two tracts of land fronting on the opposite or westerly side of Route 16. One piece of the Goldberg land lies directly opposite that of the defendants. This parcel, Parcel I, was conveyed by White Mountain to S. Jean Fernandez in a deed which read in part:

> "This conveyance is made subject to the condition that the land herein conveyed shall not be used for restaurant purposes, including the sale of food, tonic or ice cream."

The identical condition was set forth in the deed of S. Jean Fernandez to both plaintiffs.

The second tract of land which is several hundred feet north of Parcel I was acquired by Robert Goldberg in his name alone on June 30, 1966. Title to this parcel, Parcel II, came from Alva Fernandez and was subject to the following condition:

> "The land will not be used for restaurant purposes, ice cream, beverages or similar enterprises for fifty years from August, 1950."

Alva Fernandez derived her title from White Mountain Drive-In Theaters, Inc., which in turn derived its title from White Mountain Mineral Camps, Inc. All deeds from White Mountain through to Mr. Goldberg contained the above-stated restriction.

The remainder of the White Mountain interests was conveyed out in three other chains of title. One portion of the tract conveyed out prior to the original deed to Mill Shops was not subject to the use restrictions but the balance of the land contained such restrictions. However, the restrictions varied in that some contained a 50-year limitation and others did not. All, however, prohibited the sale of food, ice cream and beverages or the use of land for restaurant purposes.

At trial, testimony revealed that the strip of land on Route 16 surrounding and including portions of the defendants' property, sometimes referred to as the "miracle mile", was subject to extensive commercial development over the last twenty years. A number of restaurants and other commercial establishments now exist in or about the general area. Other testimony reveals that the plaintiffs took the land without notice that the area was subject to any common

plan or development by White Mountain. But the plaintiff, Mr. Goldberg, concedes that he knew of the express restrictions in his deeds at the time he bought the land. Because of the development along Route 16, the plaintiffs now believe the restriction is burdensome and that it limits "the best economic use of the property".

Other testimony in the record shows that the principal purpose behind the defendants' opposition to quieting title is not based on fear of competition. Mr. Tinson stated that the anticipated traffic increase because of the potential new development is the basis for his challenge to lifting the express covenant. Not only is this outside the scope of the covenant but there is no evidence that using the property as restricted will produce less traffic. The trial court's finding and ruling that conditions "have sufficiently changed so as to defeat the purpose of any claimed restriction" was supported by the evidence. *See* Restatement of Property § 564, Comment *e* (1944).

*Defendants' exceptions overruled.*

All concurred.