Merrimack
No. 7733

LEON DEBLOIS & a.

v.

CROSLEY BUILDING CORPORATION OF MAINE, INC.

July 25, 1977

*Eaton, Moody, Solms & Carroll,* of Manchester and *Richard Mills* (*Mr. Mills* orally), for the plaintiffs.

*Lee A. Strimbeck,* of Derry, by brief and orally, for the defendant.

GRIMES, J. The questions raised in this petition in equity are whether certain restrictions prohibiting the operation of a restaurant on land conveyed by plaintiffs are binding on defendant and whether plaintiffs' right to use certain parking areas was lost by a failure to annually pay toward the cost of maintenance.

By deed dated 1966, plaintiffs, who owned and operated a restaurant in Allenstown, conveyed adjacent property to Pembroke Realty Trust for the building of a shopping plaza. The deed contained the following restrictions:

b) That no business shall be conducted or maintained on the land to be conveyed for the sale of restaurant service for food and refreshments, said restriction, however, shall not apply to so-called snack bar service or soda foun-

tain service customarily located in supermarkets, drug stores or retail discount department stores.

c) An easement in favor of the grantors to use and enjoy the common parking areas from time to time established by grantees in the land to be conveyed, without cost to the grantors or their business invitees, provided, however, that the grantors or their successors in title shall pay to the grantees or their successors in title an annual contribution towards maintenance cost of the parking facilities of Seventy-Five Dollars ($75) per calendar year. This restriction shall cease and terminate at such time as the grantors do not maintain a retail business in the 10,000 foot tract.

Pembroke Realty Trust conveyed the property to Westminister Shopping Centers, Inc., in June 1971 and it later conveyed the property to defendant in March 1973. Both deeds contained the following language, "The foregoing premises are conveyed subject to and with the benefit of the easements, conditions, and covenants as set forth in a deed from Leon DeBlois *et ux.* to the grantors dated April 20, 1966 and recorded Merrimack County Records Book 985, Page 171."

It seems to be undisputed that the $75 yearly payment was made up until 1971 when the property was acquired by Westminister.

There was no request for the payment until Mr. McDonald, defendant's president, wrote plaintiffs stating that he could find no record of the $75 payment. After a series of correspondence, plaintiffs tendered $75 to defendant, which was returned. The defendant filed an affidavit in the registry of deeds stating that easement "c" was null and void for failure to pay the $75 fee. Plaintiffs then filed this petition seeking to clear this cloud upon their title and to restrain defendant from discontinuing maintenance of the parking lot. Defendant by answer sought affirmative relief by asking that restriction "b" be declared void as against public policy.

The matter was heard before a Master (*Earl J. Dearborn,* Esq.) who found in favor of plaintiffs. His report was approved by *Keller,* C.J., who made an order in accordance with it and transferred defendant's exceptions.

■ Defendant urges us to declare the imposition by deed of restrictions on the kind of business that can be conducted on the

land conveyed to be void as against public policy. We decline this invitation to upset the settled law of this jurisdiction, which has recognized the validity of such restrictions. *See Traficante v. Pope,* 115 N.H. 356, 341 A.2d 782 (1975); *Sun Valley Beach, Inc. v. Watts,* 98 N.H. 428, 102 A.2d 504 (1954). Such restrictions may be terminated under some circumstances, none of which are present in this case. *See Goldberg v. Al Tinson, Inc.,* 115 N.H. 271, 338 A.2d 556 (1975).

■ We also hold that the restrictions are binding on the defendant. The deed to it expressly made the conveyance subject to the restrictions which were intended to benefit plaintiffs and were intended to run with the land conveyed, and the fact that subsequent deeds expressly made the conveyances subject to the restrictions shows that the parties so understood. *Traficante v. Pope supra.*

■ We also reject the defendant's argument that plaintiffs have lost their right to use the parking area for this failure to make the $75 payment toward maintenance. These payments were made under an arrangement with the original grantee whose representative came personally to collect it. After the property was sold to Westminister no one asked for the payment until McDonald, defendant's president, inquired about it after an incident involving plaintiffs' son using the parking area to ride his mini-bike. Thereafter, the $75 fee that year was sent to defendant. There was no default and defendant is in no position to take advantage of any default in payments to its predecessor which showed that it considered the easement still in existence by expressly making the conveyance to defendant subject to it. Furthermore, defendant's predecessor has made no request or demand for the payment. *Emerson v. Simpson,* 43 N.H. 475, 478 (1862).

■■ Moreover, the easement is expressly made "without cost" to the plaintiffs and the provision for the $75 payment is not, in the context of the language of the deed, a condition subsequent as claimed by the defendant, but rather is a contractual obligation enforceable against the plaintiffs. Conditions subsequent are not favored in our law, and where doubt exists a clause will be construed to create a covenant and not a condition. *Emerson v. Simpson supra; Chapin and Wife v. School District,* 35 N.H. 445 (1857).

630

 The master found that any failure to pay was not sufficiently material to warrant equitable relief, and this finding was warranted by the evidence.

*Exception overruled.*

All concurred.