Hillsborough
No. 78-008

NASHUA GARDEN CORPORATION

v.

ROBERT GORDON & a.

May 17, 1978

*Stein & Gormley*, of Nashua (*Arthur O. Gormley* orally), for the plaintiff.

*Prunier & Mazerolle P.A.*, of Nashua, and *Goodwin, Proctor & Hoar*, of Boston, Massachusetts (*Gerald R. Prunier* orally), for the defendants.

GRIMES, J. In this declaratory judgment action the issue is whether certain restrictive covenants imposed on plaintiff's land by deed should be declared null and void and the defendants enjoined from enforcing the provisions of said restrictive covenants.

In October 1964, Riverside Realty Corporation (hereinafter "Riverside") conveyed all of its land except thirty-three acres to Fleurette Fournier, as trustee for the stockholders of Riverside. On October 22, 1964, the defendants, intending to develop a shopping center, obtained options on all of the outstanding stock of Riverside from the Riverside shareholders, and on or about October 23, 1964, the defendants exercised the options and thereby acquired the thirty-three acre tract. The option agreement contained the following covenant.

> In connection with the land previously conveyed to the OPTIONORS (the Riverside Shareholders) by the Riverside Realty Corporation, the OPTIONORS covenant and agree that no retail business selling hard goods, soft goods, groceries, drugs, furniture, hardware [sic] appliance, or any business enterprise competitive with business already existing or contracted for in the proposed shopping center (excluding motel with restaurant) or any use prejudicial by reason or [sic] noise, odor or unsightly appearance with the intended or actual use by the OPTIONEES of Riverside Realty Corporation (the defendants) will be permitted.

Riverside was liquidated in 1965, and the thirty-three acre parcel was transferred to the defendants as trustees for Vickerry Realty Company Trust (hereinafter "Vickerry"). Vickerry thereafter constructed a shopping center which included a bank.

On March 29, 1967, Fournier, as trustee, conveyed a ten-acre parcel of land that was part of the forty-acre tract conveyed to her by Riverside to the plaintiff. The deed expressly subjected the parcel to the restrictions contained in the option agreement. On April 7, 1969, Fournier conveyed to Barham Realty Corporation (hereafter "Barham") a one-acre parcel of land, which was also part of the land previously conveyed to her by Riverside. This deed contained the same restrictions as those contained in the option agreement and the deed to the plaintiff.

When it became known that Barham intended to construct a bank on the land, defendants brought an action against Barham and Fournier to enforce the restrictions in Barham's deed. The matter was settled by defendants agreeing to waive their right to enforce the restrictive covenants in return for Fournier's agreement to lease two parcels, totalling about twenty-four acres, immediately adjacent to defendants' thirty-three acre tract. The lease was executed between Fournier and the defendants, not as trustees of Vickerry, but as trustees of a newly established trust, Coliseum Vickerry Realty Trust, whose trustees and beneficiaries are substantially identical to those of Vickerry.

In October 1972, the two trusts executed a Deed of Declaration recorded in Hillsborough County Registry of Deeds establishing a plan to develop the premises as a community shopping center, and thereafter a department store was constructed which was leased to Montgomery Ward Co., Inc.

In May 1975, plaintiff began this action seeking to have the restrictions on its ten-acre parcel declared null and void on the basis that defendants had acquiesced in prior violations of the same restrictions. After a hearing before the court, the petition was dismissed, and *Goode*, J., transferred plaintiff's exceptions.

■  The court refused to find that conditions had sufficiently changed in the area to defeat the purpose of the restrictions. Therefore, plaintiff cannot defeat the restrictions on the basis of changed conditions. *See Goldbury v. Al Tinson, Inc.*, 115 N.H. 271, 338 A. 2d 556 (1975).

■■  The covenant in the option under which defendants ultimately acquired title to the thirty-three acre shopping center parcel

and the restrictions in the deed to plaintiff, included in accordance with the aforementioned covenant, were intended to benefit the thirty-three acre tract. The restrictions were expressly imposed in the option in 1964 and in the deed to the plaintiff, and therefore defendants need not rely upon implied reciprocal servitudes or equitable rights. See *Fournier V. Kattar*, 108 N.H. 424, 238 A.2d 12 (1968); *Nashua Hospital v. Gage*, 85 N.H. 335, 159 A. 137 (1932). That these restrictions were intended to run with the land is clear and the intent that they run with the land is further evidenced by the inclusion of the restrictions in the deeds from Fournier as trustee. Such restrictions are enforceable in this State regardless of what the law may be elsewhere. *DeBlois v. Crosley Building Corp.*, 117 N.H. 626, 376 A.2d 143 (1977).

The failure of defendants to enforce the restrictions against Barham does not prevent them from enforcing them against the plaintiffs. The Barham action was settled by defendants after obtaining a ground lease on adjacent land, which was an advantage to them, and the building of the bank was not directly injurious to them. *See Duhamel v. Prescott*, 101 N.H. 108, 134 A.2d 703 (1957). The use of the land acquired by lease by the defendants for purposes not consistent with the restrictions does not release the plaintiffs from the restrictions. Defendants were trustees of both trusts, and although the land was technically held in a different trust there was a community of interest so that if there was not in fact a merger with regard to the restrictions, the defendants were entitled to consider the use beneficial to them. Under such circumstances they have not lost their right to enforce the restrictions against plaintiff to prevent a use they consider "directly injurious" to them. *Duhamel v. Prescott supra; Varney v. Fletcher*, 106 N.H. 464, 213 A.2d 905 (1965).

*Exceptions overruled.*

All concurred.