## J. S. & E. A. Abbott v. James C. Shepard.

Mutual consent is requisite to the creation of a contract ; and it becomes binding where a proposition is made on one side, and accepted on the other.

Where the negotiation is conducted by letter, the contract is complete, when the answer containing the acceptance of a distinct proposition is despatched by mail, or otherwise, provided it be done with due diligence after the receipt of the proposal, and before any intimation is received that the offer is withdrawn.

The letters of the parties in this case show sufficiently that the contract containing the consideration of the same, or the assignment of the judgment, was in writing, and that it was seasonably tendered by plaintiffs to the defendant, and therefore it became binding on him to perform the contract on his part.

THE parties agree to the following statement of facts :

This is an action of assumpsit. One Louis B. Lent, of the city, county and State of New York, was indebted to the plaintiffs, in the sum of $1000.25, on which they had obtained judgment in New York. May 30, 1867, the plaintiffs brought an action against Lent on said judgment and attached a circus tent and other property at Manchester. The defendant claiming the property as his, replevied the same on the same day.

May 31, 1867, Morrison & Stanley, attorneys for James C. Shepard, wrote the following letter to Samuel C. Eastman, attorney for the plaintiffs :

                                    Manchester, N. H., May 31, 1867.

DEAR SIR : Mr. Shepard writes me that he cannot pay over 40 per cent. in the aggregate without costs. Will you send us the lowest sum that your clients will take, and pay their own costs, and you will allow me to suggest that I am not authorized to go beyond $500 at the highest point. Please write me by return mail, and if your clients will take $500 in full of debt and costs, you may then assign the judgment to James C. Shepard, of the city, county and State of New York, and I will send you a draft for $500 by return of mail. Yours truly,

            (Signed,)                        MORRISON & STANLEY.
Samuel C. Eastman, Esq.

On receipt of said letter, June 1, 1867, Mr. Eastman, the attorney for the plaintiffs, wrote the following reply :

                                    Concord, N. H., June 1, 1867.

MORRISON & STANLEY, Esqs., Manchester, N. H., Dear Sirs :

We will take the $500, and will send the assignment as soon as we can receive the papers from New York. We have only a memorandum of them, and have written for them.

    Yours truly,                            SAMUEL C. EASTMAN.

The above letter was written on its date, and mailed on the morning of June 3, and received by the Messrs. Morrison & Stanley the same day.

June 4, 1867, Messrs. Morrison & Stanley, under instructions from

the defendant, sent the following telegram, which was received on the day of its date.

Manchester, N. H., June 4, 1867.

S. C. EASTMAN, Attorney : Have just received a despatch from Shepard, saying, must not purchase that judgment of Abbott at any price. So take no further steps about it. No reason given why not.

MORRISON & STANLEY.

June 12, 1867, Mr. Eastman sent to Messrs. Morrison & Stanley an assignment of the judgment to Shepard, and requested payment of the $500.

The assignment was returned with the following letter :

Manchester, N. H., June 12, 1867.

DEAR SIR : Herewith we return the assignment of the judgment, the offer having been withdrawn by us, before the assignment was made, and before it was dated. If it was dated before it was withdrawn, still we claim that nothing having been paid upon it, we had the right, or Mr. Shepard had the right, to withdraw it at any time before the assignment was delivered to us. We were acting solely as the attorney of Mr. Shepard, and, of course, subject to his order.

Yours truly,     MORRISON & STANLEY.

The assignment was dated after June 4.

July 8, 1867, the plaintiffs brought this action.

If the plaintiffs are entitled to recover on the above statement, judgment is to be entered for the plaintiffs in the sum of $500 and interest. If the plaintiffs are not entitled to recover, judgment is to be entered for the defendant. The writ may be referred to in the case.

The questions arising on the foregoing case were reserved and transferred.

*Samuel C. Eastman,* attorney for plaintiffs.

1. The letter of Messrs. Morrison & Stanley, dated May 31, 1867, made a proposal for the purchase of the interest of the plaintiffs in a judgment against L. B. Lent. That proposition was accepted by the plaintiffs in a letter by their attorney, dated June 1, 1867. As soon as the letter was mailed the contract was a complete one, from which neither party had the right to withdraw. If not at this time, it certainly was when the letter reached its destination, the offer not having been previously withdrawn. 1 Parsons on Contracts, page 406, and cases cited.

2. The contract for an assignment of a judgment, not being a sale of "goods, wares or merchandise," does not come within the statute of frauds. *Whittemore* v. *Gibbs,* 24 N. H. 484. If it did, the contract was in writing, being fairly deducible from the letters, and consequently within the protection of the exception. 2 Parsons on Contracts, 311.

3.   The fact that the assignment was not executed and tendered till after the telegram of June 4 was sent, does not modify the contract. The assignment was tendered within a reasonable time and in fulfilment of the terms of the contract, which was complete on June 3.

*Morrison & Stanley,* attorneys for defendant.

The inference is conclusive, as deduced from the letter of Messrs. Morrison & Stanley, dated May 31, 1867, that the time was limited in which the offer might be accepted by the attorney for the plaintiffs.

If the offer had been accepted to the knowledge of the attorneys for the defendant by return of mail, as was requested by said letter, then the offer would have ripened into a contract; but the offer was not made for the attorney of the plaintiffs to accept at his pleasure.

Said letter of May 31, 1867, was but an offer to contract, and when the time for acceptance, which was by return of mail, had gone by, then said offer was not binding on either party, unless it was renewed afterwards and mutually agreed to by both parties. *Frazier* v. *Cushman,* 12 Mass. 277 ; *Eastman* v. *Fifield,* 3 N. H. 333 ; *Warren* v. *Buckminister,* 24 N. H. 336.

NESMITH, J.   Was there such an acceptance of the proposition of the defendant, as made by the letter of his attorneys to plaintiffs' attorney, as will amount to a contract binding the defendant?   The true elementary rule on this subject is laid down by *Chancellor Kent,* 2 Kent's Com. 477.  (Mutual consent is requisite to the creation of the contract, and it becomes binding, when a proposition is made on one side and accepted on the other.   The negotiation may be conducted by letter, as is very common in mercantile transactions, and the contract is complete when the answer containing the acceptance of a distinct proposition is despatched by mail or otherwise, provided it be done with due diligence, after the receipt of the letter containing the proposal, and before any intimation is received that the offer is withdrawn. *]* Kent quotes the leading case on this point, *Adams* v. *Lindsell,* 1 B. & Ald. 681.

Parsons gives this rule, (1 Parsons on Contracts, 406) : If *A* makes an offer to *B,* and gives him a specified time for an answer, *A* may retract before the offer is accepted, on the ground, that, until both parties are agreed, it is no contract, and either of them has a right to recede, and one party cannot be bound without the other.   *Paine* v. *Cave,* 3 Term Rep. 146 ; *Cook* v. *Oxley,* Term Rep. 653 ; *Rutledge* v. *Grant,* 4 Bing. 653.

Hilliard, in his Treatise on Sales, states the rule to be as follows : Where there is a written offer to sell, an *acceptance* consummates the agreement, if the offer is still standing.   And it is presumed to be so, until the time fixed, or, if none were appointed, till it is expressly revoked, or countervailed by a contrary presumption.   If the other party agree to decide, whether he will accept the offer, upon the *happening* of a certain *event,* no bargain arises until such decision, though the

event has happened.    There is a binding agreement when the minds of·
two persons meet, as signified by acts, although both do not know of
such concurrence at the time.

A bargain is closed when nothing more remains to be done to give
either party the right to have it effected.    Until both parties are agreed,
either may withdraw an offer which he has made.    But when A. offers
to sell goods to B., requesting an answer by return of mail, but by a
misdirecting of the letter, B. does not immediately receive it, and sends
an answer by the first mail, accepting the proposal, which reaches A.
two days later than he accepted, A. is bound by the contract.    He
must be considered in law, as making, during every instant his letter
was travelling, the same offer to B., and B.'s acceptance completed the
contract.  ~~M. Martin~~ v. *Firth*, 6 Wend. 103 ; 3 M. & R. 97.

In *Thayer* v. *Middlesex Ins. Co.*, 10 Pick. 332, *Shaw, C. J.*,
says "that an offer is not matured into a complete and effectual con-
tract, until it has been acceded to by a person to whom it is made, and
notice thereof, either actual or constructive, given to the party making
it.    And it may be well conceded, that, when *notice* is to be given by
mail, a notice actually put into the mail, especially, if forwarded, and
beyond the control or revocation of the party making it, may be a good
notice; evidently meaning, as Judge Duer remarks, that a notice thus
put into the mail and beyond the control of the party is valid as a *con-
structive* notice, so as to render the contract from that time complete
and effectual.    Duer on Insurance, p. 121, note 9.    This rule substan-
tially agrees with *Adams* v. *Lindsell, ante,* and approved by *Chief
Justice Gibson* in *Clark* v. *Russell*, 3 Wall's Penn. 217 ; Angell on
Ins., secs. 45, 46, 48.

Angell says : The doctrine may, therefore, be considered as well set-
tled in this country, that the *acceptance* of a written proposal for in-
surance consummates the bargain, provided the offer is standing open at
the time of the acceptance.    When the proposition is by letter, the
usual mode of acceptance is the sending of a letter, announcing a con-
sent to accept.    When it is made known by a messenger, a determina-
tion to accept, returned through him or by another, would seem to be
all that the law requires, if the contract may be perfected without writ-
ing.

{ Anything that shall amount to a manifestation of a former determina-
tion to accept, communicated, or put in the proper way to be commu-
nicated, to the party making the offer, would doubtless complete the
contract ; but a letter written would not be an acceptance, so long as it
remained in the possession or under the control of the writer.    An
*acceptance* is the distinct act of one party to the contract, as much as
the offer is of the other. |

We are inclined to think, upon the aforesaid authorities, that the *ac-
ceptance* by *letter* was in season, and binding upon the defendant. *Vide*
also, *Taylor* v. *Merchants' Fire Ins. Co.*, 9 Howard 390.

Under the authority of *Whittemore* v. *Gibbs*, 24 N. H. 484, the
contract for an assignment of a judgment would not come within the
statute of frauds ; such judgment not being goods, wares and merchan-

dise, under a just construction of that statute, according to the import of that decision. In Massachusetts, the sale of promissory notes is held to be within the statute. *Baldwin* v. *Williams,* 3 Met. 367. In New York, a parol agreement, wholly executory, for the sale of a judgment for a sum exceeding $50, was held to be within the statute of frauds. *People* v. *Beebe,* 1 Barb. 379; Hilliard on Sales, 469. But it occurs to us, the letters in this case show the contract to be in writing, and state the consideration thereof, and the names of the contracting parties; and the assignment of the judgment was duly tendered by plaintiffs to defendant's agents in fulfilment of the contract. Hilliard on Sales, 470–71.

We are of the opinion that the plaintiffs are entitled to judgment for $500 and interest, agreeably to the terms of the case.