Hillsborough, }
  May 3, 1904. }

### BUSHER v. NEW YORK LIFE INSURANCE CO.

Where an application for life insurance is made to the agent of an insurance company, and the policy is written and forwarded to him for delivery, the contract is not complete until the message of acceptance contained in the policy is communicated to the applicant ; and in the event of the latter's death before the acceptance is communicated to him, the company is not liable.

ASSUMPSIT, on a policy of insurance upon the life of Charles J. Busher. Trial at the September term, 1903, of the superior court before *Wallace*, C. J., who found a verdict for the defendants, subject to the plaintiff's exception.

*Hamblett & Spring* and *Doyle & Lucier*, for the plaintiff.

*George B. French*, for the defendants.

BINGHAM, J.   The plaintiff brings this suit to recover the amount specified in a policy of insurance which she alleges the defendants issued or agreed to issue on the life of her husband for her benefit.   The contract, if consummated, was bilateral in its nature and involved mutual promises.   To establish a contract of this character, when the parties are at the same place, there must be, according to the principles of the common law, an offer and an acceptance thereof in accordance with its terms; and the acceptance, to be complete, must be actually communicated to the offerer.   *Beckwith* v. *Cheever*, 21 N. H. 41, 43; *Perry* v. *Insurance Co.*, 67 N. H. 291; *Prescott* v. *Jones*, 69 N. H. 305; *Vassar* v. *Camp*, 11 N. Y. 441; *Thompson* v. *Jones*, 18 Dunlop 1,—1 Lang. Cont. 125; *Hebb's Case*, L. R. 4 Eq. 9; 1 Lang. Cont. 156, 162; 2 *Ib.* 993, *s.* 14; 9 Cyc. 270–273.

An exception, however, is recognized when the parties to such a contract are at a distance from one another and the offer is sent by mail or by telegraph, in which case it is commonly held, and such is the law of this state, that the reply accepting the offer may be sent through the same medium, and the contract will be complete when the acceptance is mailed, or delivered at the telegraph office, properly addressed to the party making the offer and beyond the acceptor's control.   *Abbott* v. *Shepard*, 48 N. H. 14; *Davis* v. *Insurance Co.*, 67 N. H. 218.   The theory advanced in support of such a holding is, that when one makes an offer through the mail or like agency he authorizes the acceptance to be made through the same medium, and constitutes that medium his agent to receive the acceptance; and that the acceptance, when mailed or delivered at the telegraph office, is then constructively communicated to the offerer. 2 Lang. Cont. 995, *s.* 15, *par.* 2.   While constructive notice of acceptance is permitted to take the place of actual communication in such cases, still the law requires that the message of acceptance shall pass beyond the recall or control of the acceptor.

If the contract sought to be established is unilateral,—that is, where the offerer simply requires the offeree to do something, and not to promise to do something,—an intention on the part of the offeree to accept the offer, accompanied by a performance of the act, is all that is essential to the completion of the contract.   In such a case it is said that the performance of the act is all the notice that the offerer requires, or that the form of the offer shows that notice is waived.   *Prescott* v. *Jones, supra;* 9 Cyc. 270.

Applying these principles to the facts in this case, can it be said

that the defendants' intention to accept the application and issue a policy in compliance with its terms was ever communicated to the applicant in his lifetime, so as to make a completed contract? We think not. It appears that on May 15, 1902, the plaintiff's husband signed a written application at Nashua for a policy of insurance on his life, payable in case of death to the plaintiff. The premium was to be $46.28. At the time he signed the application he paid five dollars to Williamson, the agent who solicited the application, and received from him a receipt in which, among other things, it was agreed that if the policy was issued by the defendants on the application, the receipt would be received as cash toward the payment of the first premium, but that if a policy was not issued thereon within sixty days the money would be returned on surrender of the receipt. Williamson was a soliciting agent of the defendants, connected with their agency at Plattsburg, New York. He had authority from them to solicit life insurance, receive applications, collect first premiums, give receipts for the same, and deliver policies. He received the application in question and forwarded it to the defendants' home office in New York city, where a policy was written in accordance with its terms and on June 9 sent to the defendants' agency at Manchester for delivery. June 19, it was forwarded by order of the defendants to the Plattsburg agency; and July 1, the latter agency sent it to Williamson for delivery, with directions to collect the premium and remit the same. Williamson received the policy about seven o'clock in the forenoon of July 2. The applicant died about four o'clock that morning.

According to these facts, it seems that the parties undertook to make a contract involving mutual promises, the applicant acting for himself and Williamson acting as agent for the defendants; and it follows that their conduct is governed by the principles of law applicable to cases where the contracting parties are at the same place and not at a distance, and that the contract was never completed, as the message of acceptance contained in the policy was never communicated to the applicant. Williamson was not the applicant's agent to receive the policy. The general verdict for the defendants is a finding to that effect; for all material questions of fact not specially found, and of which there was evidence, are presumed to have been found in the defendants' favor. *Allen* v. *Association, ante, p.* 525, and cases there cited.

The case is governed by the principles of law announced in *Perry* v. *Insurance Co., supra.* It follows, therefore, that a contract was not consummated and that the action cannot be maintained. It is unnecessary to consider the questions raised by the exceptions to evidence.

*Plaintiff's exception overruled.*

All concurred.