Hillsborough, } No. 3672.
July 2, 1947.

HELEN M. SPAIN *v.* UNITED STATES RUBBER COMPANY.

*Wyman, Starr, Booth, Wadleigh & Langdell,* for the plaintiff.

*Alvin A. Lucier* (by brief and orally), for the defendant.

BRANCH, C. J. The hearing upon the present motion was extremely informal and the basis for the Court's order appears to be the statements of counsel regarding the facts. The motion must be treated upon the same basis in this court, and the statement of defendant's counsel in his letter to the plaintiff that the composition of the cement in question is a trade secret, must be accepted as true.

It is the conclusion of Professor Wigmore, from whose judgment on questions of evidence there is little dissent, that the law recognizes at least a partial privilege not to disclose trade secrets.

"Accordingly, there ought to be and there is, in some degree, a recognition of the privilege not to disclose that class of facts which, for lack of a better term, have come to be known as *trade secrets.*" 8 Wig. Ev. (3d *ed.*), s. 2212.

In regard to limits of the privilege, the same authority says: "It is clear that no absolute privilege for trade secrets is recognized. On the other hand, Courts are apt not to require disclosure except in such cases and to such extent as may appear to be indispensable for the ascertainment of the truth." *Ib.* This passage appears to furnish a sufficient test for the disposition of the present motion.

The defendant has already furnished the plaintiff with a detailed statement of the ingredients contained in the cement and it does not

appear that a knowledge of the proportions in which these ingredients are used is indispensable to the ascertainment of the truth.

Plaintiff asserts in her brief that "No expert can adequately testify on the inadequate facts stated in the letter of counsel." The only argument advanced in support of this assertion is that "No one knows what is X1940, No. 8 oil, or Sovasol No. 1, to say nothing of some of the other ingredients named. The names are not intelligible to anyone but the defendant."

Apparently this argument means simply that the names are unintelligible to plaintiff's counsel, for the defendant argues that the named ingredients are all well known in the rubber industry. At any rate, it is plain that the plaintiff's suppositious expert would not be helped in understanding what the names mean by a further statement that the cement contains three parts of X1940, or five parts of No. 8 oil. In short, the defendant has given the plaintiff all the information to which she is entitled, and so far as the order of the Court called upon the defendant to furnish further information as to the proportions in which the various ingredients are used, the order is vacated.

*Case discharged.*

All concurred.