Strafford,
No. 5809.

CLARA A. TIBBETTS

*v.*

ERNEST W. TIBBETTS.

Argued October 1, 1968.
Decided November 26, 1968.

*Ovila J. Gregoire* and *Ernest T. Smith III,* (*Mr. Smith* orally),
for the libelant.

*Philip C. Keefe* (by brief and orally), for the libelee.

LAMPRON, J. Libel for divorce alleging extreme cruelty. RSA
458:7 III. After a hearing before *Morris,* J., a divorce was
decreed for that cause. Libelee's exceptions to the denial of his
motions for dismissal made at the end of libelant's evidence and
renewed at the close of all the evidence were reserved and
transferred. Libelee argues that the libelant failed to sustain her
burden of proving extreme cruelty and further maintains that
his wife's action should have been dismissed also on the grounds
of recrimination and condonation.

The parties were married on January 1, 1948, and the wife
left their home in November 1966 with their only child, a son,

18 years old. The wife testified that a problem had existed between the parties for about ten years because she was left alone a lot over week-ends when her husband would be out with friends. She further testified that in August 1966 when she was about 10 minutes late to pick him up in their car he became angry and hurt her while trying to choke her. This occurred on another occasion when she arrived home late one afternoon. There was evidence from the wife and from her sister, with whom she now resides, that when libelee has been drinking he is "quite disagreeable" and "kind of cross." Libelant also testified that her husband told her he had been seeing another woman for four or five years.

The husband did not deny any of the above evidence. He testified that he loved his wife and did not want her to be divorced. There was evidence that the parties had a conference about a reconciliation the day before the hearing but the wife testified "I couldn't go back and live that way again." The wife admitted that since she left home in November 1966 she has been seeing another man a couple of times a week, who she said, is "an old friend." There was evidence that there has been "nothing out-of-the way," so far as their conduct is concerned. The husband testified that in September 1966, before his wife left their home, she told him she had been unfaithful but refused to tell him with whom. The wife testified that she had never been unfaithful and never told her husband that she had been.

There is no doubt that actual violence committed on a spouse by the other attended with danger to life or limb can constitute extreme cruelty within the provisions of RSA 458:7 III. *Robinson* v. *Robinson,* 66 N. H. 600, 606. Undoubtedly, in most instances extreme cruelty consists in a course of conduct rather than in a single act. However acts of physical violence need not be persistent, or become a fixed habit, or be many in number, before they can be said to constitute extreme cruelty authorizing a divorce on that ground. 24 Am. Jur. 2d, Divorce and Separation, *s.* 40. A divorce on the ground of extreme cruelty is granted not so much to punish for offenses already committed as to relieve the complaining party from apprehended danger. *Harratt* v. *Harratt,* 7 N. H. 196, 198; 24 Am. Jur. 2d, Divorce and Separation, *s.* 39.

No findings were requested in this case and none was made. Under such circumstances it must be presumed that findings

necessary to justify the decree were made. *Laplant* v. *Laplant*, 99 N. H. 357, 358. We hold that there is evidence in the record to support the finding of extreme cruelty made by the Trial Court who saw and heard the parties and could judge their credibility. *Callaghan* v. *Callaghan*, 108 N. H. 264.

The defense of recrimination is available only where the spouse seeking relief is guilty of a marital offense that would give the other party grounds for divorce. *Rockwood* v. *Rockwood*, 105 N. H. 129, 131; *Fuller* v. *Fuller*, 237 A. 2d 925, 927 (Md. App. 1968). In granting the divorce, the Trial Court impliedly found that the libelant was not guilty of any such offense. RSA 458:7. We hold that there was evidence to support such a finding as the Trial Court could believe the libelant's testimony and disbelieve the libelee's and enter the decree which he did. *Ballou* v. *Ballou*, 95 N. H. 105.

"Condonation in the law of divorce is the forgiveness of an antecedent matrimonial offense on condition that it shall not be repeated." *Quagliano* v. *Quagliano*, 94 Ill. App. 2d 233; *Wilson* v. *Wilson*, 14 Ohio App. 2d 148, 153; 24 Am. Jur. 2d, Divorce and Separation, *s.* 203, *p.* 360. See Annot. 32 A.L.R. 2d 107. It is a matter of affirmative defense and a question of intent to be shown by words and acts evidencing a full, free and voluntary forgiveness. *Paille* v. *Paille*, 91 N. H. 249, 252. We cannot hold on the record before us that the implied finding that there was no condonation, evidenced by the decree of divorce in favor of the libelant, was not warranted and proper.

*Exceptions overruled.*

All concurred.