Belknap
No. 7653

RICHARD N. CHUTE & a.

v.

MARGARET CHUTE & a.

August 29, 1977

*Deachman & Gruber* (*Mr. Paul A. Gruber* orally), for the plaintiffs.

*Nighswander, Lord, Martin & KillKelley* (*Mr. David J. KillKelley* orally), for the defendants.

DOUGLAS, J.    This is a bill in equity for specific performance of an oral agreement to convey real estate. The premises in question are twelve acres of land on Lake Winona in Center Harbor which include a main house and a rental cottage. They were purchased by plaintiff Richard Chute's grandfather and inherited by his father, who devised them upon his death in January 1973 to defendant Margaret Chute, plaintiff's mother. Shortly after his father's death, plaintiff asked defendant Margaret to sell him the entire property, which at the time had a fair market value of seventy-five thousand dollars, for thirty-five thousand dollars. It was agreed after several family meetings that defendants Patricia and Donna, plaintiff's sisters, were given an option to purchase one-acre lots from Richard at market value, without financial assistance from Margaret. Richard was to pay ten thousand dollars down within three to five years and give Margaret a mortgage of twenty-five thousand dollars for fifteen years, payable in monthly installments. In the event of Margaret's death, the balance of the payments for the property would go to his sisters. Since July 1, 1973, Richard and his wife, Jeanne, have paid taxes on the property, collected rents from the cottage, winterized the main house, paid insurance and utility bills, paid Richard's mother the required monthly installments, and lived in the main house. In January of 1974, after consulting her Massachusetts attorney, Margaret changed the agreement so that her daughters were to be given four acres including the rental cottage. Richard refused to acquiesce in the change.

After a hearing, the Master (*Charles T. Gallagher*, Esq.) found that the agreement was an exception to the Statute of Frauds (RSA 506:1) because of Richard's possession of the property and the improvements which he made. He, however, recommended that the prayer for specific performance be denied, and that a further determination be made as to the amount of restitution that plaintiffs should receive from the defendants. *Batchelder*, J., approved the recommendations. All exceptions were reserved and transferred to this court.

■ Plaintiffs argue that their request for specific performance should have been granted. Although the master found that the oral contract was definite and sufficiently performed to remove it from the Statute of Frauds, upon balancing the equities he was not persuaded that the agreement should be specifically enforced. Their exceptions must be considered in light of the rule that a master's determinations will not be overturned unless they are unsupported by the evidence or erroneous as a matter of law. *Zuk v. Hale,* 114 N.H. 813, 330 A.2d 448 (1974). The master declined to grant specific performance because of his finding that, under the agreement, Richard and Jeanne would receive the property in part as a gift, while Patricia and Donna were to pay full value to Richard for their lots and would only receive Richard's interest in whatever he owed his mother when she died. However, the master overlooked the fact that Richard also waived any interest in his mother's estate, including any interest in the balance left owing on the mortgage. The master asked Richard at the trial if his waiver concerned the whole estate or just the proposed mortgage, and Richard answered that he had waived any interest in the entire estate. "When . . . the finding appears upon the record to have been unsupported by the evidence, or to have been based upon untenable grounds, the finding will be set aside." *Manchester Dairy System, Inc. v. Hayward,* 82 N.H. 193, 205, 132 A. 12, 18 (1926).

■■ The usual practice in this state is to grant specific performance for contracts for the sale of land. *See Jesseman v. Aurelio,* 106 N.H. 529, 214 A.2d 743 (1965); *Gulf Oil v. Rybicki,* 102 N.H. 51, 149 A.2d 877 (1959); *Gregoire v. Paradis,* 100 N.H. 21, 117 A.2d 328 (1955); 5A A. Corbin, Contracts § 1143 (1964). Because the master's balancing of the equities did not include the crucial fact that Patricia and Donna were gaining the benefit of Richard's waiver of interest in his mother's estate, that balance was incorrectly struck. Once the master found that there was an agreement for the sale of land which was an exception to the Statute of Frauds, "in the absence of significant equitable reasons for refusing such relief, specific performance . . . [was] appropriate." *Raynor v. Russell,* 353 Mass. 366, 367–68, 231 N.E.2d 563, 564 (1967). There are no significant equitable reasons for refusing to grant specific performance; defendant Margaret Chute must convey the property to plaintiffs as specified in the agreement.

The case is remanded to permit the parties to further clarify the details of the oral agreement.

*Exceptions sustained; remanded.*

All concurred.