Rockingham
No. 78-099

R. R. CUSHING, JR., & *a.*

v.

MELDRIM THOMSON, JR., GOVERNOR
OF THE STATE OF NEW HAMPSHIRE, & *a.*

April 27, 1978

*Sanders & McDermott P.A.*, of Hampton (*Patricia McKee*, by brief) and *New Hampshire Civil Liberties Union*, of Concord (*H. Jonathan Meyer* orally), for the plaintiffs.

*Thomas D. Rath*, attorney general (*Gregory H. Smith*, deputy attorney general, and *Andrew R. Grainger*, attorney, orally), for the defendants.

PER CURIAM.    This is a bill in equity brought by five members of an antinuclear protest group called the Portsmouth Area Clamshell Alliance against Governor Meldrim Thomson, Jr., and John Blatsos, adjutant general of the State of New Hampshire. The bill seeks specific performance of a contract allegedly entered into by the parties for the use of the New Hampshire National Guard armory in Portsmouth. Plaintiffs alternatively allege that both the first amendment and the equal protection clause of the fourteenth amendment of the United States Constitution require the defendants to permit the plaintiffs' use of the armory.

A hearing was held before the superior court on April 21, 1978, at which the parties presented pleadings, exhibits, memoranda, representations of counsel, and oral argument. The court ruled that a binding contract existed, granted the plaintiffs specific performance, and enjoined the defendants from any and all acts that would impede performance. The court denied plaintiffs' request for attorneys' fees, without prejudice to future proceedings. Both parties excepted to portions of the court's order, and *King*, J., reserved and transferred all questions of law raised by these exceptions. The case was expedited and orally argued in this court on April 25, 1978.

On or about March 30, 1978, the adjutant general's office received an application from plaintiff Cushing for the use of the Portsmouth armory to hold a dance on the evening of April 29, 1978. On March 31 the adjutant general mailed a signed contract offer agreeing to rent the armory to the Portsmouth Clamshell Alliance for the evening of April 29. The agreement required acceptance by the renter affixing his signature to the accompanying copy of the agreement and returning the same to the adjutant general within five days after its receipt. On Monday, April 3, plaintiff Cushing received the contract offer and signed it on behalf of the Portsmouth Clamshell Alliance. At 6:30 on the evening of Tuesday, April 4, Mr. Cushing

received a telephone call from the adjutant general advising him that the Governor had ordered withdrawal of the rental offer, and accordingly the offer was being withdrawn. During that conversation Mr. Cushing stated that he had already signed the contract. A written confirmation of the withdrawal was sent by the adjutant general to the plaintiffs on April 5. On April 6, defendants received by mail the signed contract dated April 3, postmarked April 5.

The first issue presented is whether the trial court erred in determining that a binding contract existed. Neither party challenges the applicable law. "To establish a contract of this character . . . there must be . . . an offer and an acceptance thereof in accordance with its terms. . . . [W]hen the parties to such a contract are at a distance from one another and the offer is sent by mail . . . the reply accepting the offer may be sent through the same medium, and the contract will be complete when the acceptance is mailed . . . properly addressed to the party making the offer and beyond the acceptor's control." *Busher v. Insurance Co.*, 72 N.H. 551, 552, 58 A. 41 (1904). Withdrawal of the offer is ineffectual once the offer has been accepted by posting in the mail. *Abbott v. Shepard*, 48 N.H. 14, 16 (1868).

The defendants argue, however, that there is no evidence to sustain a finding that plaintiff Cushing had accepted the adjutant general's offer before it was withdrawn. Such a finding is necessarily implied in the court's ruling that there was a binding contract. *See Tibbetts v. Tibbetts*, 109 N.H. 239, 240–41, 248 A.2d 75, 76–77 (1968); *Rosenblum v. Judson Eng'r Corp.*, 99 N.H. 267, 271, 109 A.2d 558, 561 (1954). The implied finding must stand if there is any evidence to support it. *Milne v. Burlington Homes, Inc.*, 117 N.H. 813, 817, 379 A.2d 198, 200 (1977); *New Bradford Co. v. Meunier*, 117 N.H. 774, 775–76, 378 A.2d 748, 750 (1977).

Plaintiffs introduced the sworn affidavit of Mr. Cushing in which he stated that on April 3, he executed the contract and placed it in the outbox for mailing. Moreover plaintiffs' counsel represented to the court that it was customary office practice for outgoing letters to be picked up from the outbox daily and put in the U.S. mail. No testimony was submitted in this informal hearing, and the basis for the court's order appears to be in part counsels' representations, a procedure which was not objected to by the parties. *See Rosenblum v. Judson Eng'r Corp.*, 99 N.H. at 270–71, 109 A.2d at 561 (1951); *Spain v. Company*, 94 N.H. 400, 401, 54 A.2d 364, 364– 65 (1947).

Thus the representation that it was customary office procedure for the letters to be sent out the same day that they are placed in the office outbox, together with the affidavit, supported the implied finding that the completed contract was mailed before the attempted revocation. *Stanton v. Mills*, 94 N.H. 92, 95, 47 A.2d 112, 114 (1946).

Because there is evidence to support it, this court cannot say as a matter of law that the trial court's finding that there was a binding contract is clearly erroneous, and therefore it must stand. *Chute v. Chute*, 117 N.H. 676, 377 A.2d 890 (1977); *Vittum v. N.H. Ins. Co.*, 117 N.H. 1, 3, 369 A.2d 184, 186 (1977).

■ The granting of the equitable relief of specific performance and injunction is within the sound discretion of the trial court. *Chute v. Chute supra*; *see Cornwell v. Cornwell*, 116 N.H. 205, 210, 356 A.2d 683, 686 (1976). On the record before us we cannot say that the court abused its discretion.

In deciding the legal issues of contract law in this case, we, of course, are not passing on the aims or activities of the Clamshell Alliance.

In view of the result reached, we need not consider other issues raised.

*Decree affirmed;*
*exception overruled.*

DOUGLAS, J., as an officer in the National Guard did not sit.