Merrimack
No. 79-327

EMIL A. HANSLIN

v.

EDWIN H. KEITH

May 12, 1980

*McSwiney, Jones & Semple* and *Robert E. Bowers, Jr.,* of Concord, by brief for the plaintiff.

*Hall, Morse, Gallagher & Anderson,* of Concord, by brief for the defendant.

PER CURIAM. The plaintiff-grantor, Emil A. Hanslin, seeks specific performance of a covenant contained in a deed and a purchase-and-sale agreement between Hanslin and the defendant-grantee, Edwin H. Keith.

Keith approached Hanslin, an expert in land architecture, and offered to sell him lot 9 on which there was an old barn. The lot is situated in a subdivision owned by Keith in New London. Hanslin, however, expressed concern about buying the lot while it was a part of an existing plan of the Keith subdivision.

As part of their negotiations, it was agreed that Hanslin would redesign the subdivision in a more satisfactory manner and that Hanslin would purchase lot 9 when it became a part of the newly designed subdivision. The redesigned plan had two lines across the entire subdivision marked "open space buffer" and at another point with an indication that it was 50 feet in width. This buffer zone, 50 feet in width, constituted on the plan a separation between Lot No. 9 to be purchased by Hanslin and its adjoining lots from the entire strip of land to their south marked "Zoned for Commercial Use." The subdivision plan was recorded in the registry of deeds. It was agreed that Hanslin would pay $15,000 for Lot No. 9.

In order to allow Hanslin to obtain the only available sewerage permit for the development, the parties further agreed that Keith would convey the entire tract to Hanslin for $15,000. Hanslin would then reconvey the subdivision to Keith excepting lot 9 for consideration of one dollar. This was done. The deed from Hanslin to Keith, however, contained the following covenant that reads as follows:

> Grantee further agrees by the acceptance of this deed that the open space buffer area as shown on said plan [a plat of the subdivision of the property of Edwin H. Keith dated July 13, 1971, recorded in said Merrimack County Registry of Deeds] will be conveyed to an association of owners of lots as shown on said plan or the New London Conservation Commission, and that he will place a hedge row at his expense along said buffer area for visual and aural protection of said lot owners in the subdivision.

The issue on this appeal is whether the Trial Court (*Contas, J.*)

erred in failing to order the hedgerow to run the whole length of the open space buffer area as shown on the subdivision plat on record and referred to in the deed.

We note at the outset that we are dealing with a legal covenant between two parties and not with an equitable servitude that results from a general scheme of development and binds an owner who acquired the land with notice of a restriction on it. *See Nashua Garden Corp. v. Gordon,* 118 N.H. 379, 382, 386 A.2d 1278, 1280 (1978); *Traficante v. Pope,* 115 N.H. 356, 341 A.2d 782 (1975).

■ ■ In the case of such a legal written contract, the "court will in the first instance determine if the written contract is a complete integration of the parties' agreement." *MacLeod v. Chalet Susse Int'l., Inc.,* 119 N.H. 238, 243, 401 A.2d 205, 209 (1979). The meaning of the contract is ultimately to be decided by this court. *Thiem v. Thomas,* 119 N.H. 598, 602, 406 A.2d 115, 117 (1979); *Murray v. Peabody,* 106 N.H. 319, 324, 211 A.2d 855, 859 (1965). In so doing, this court can use facts properly found by the trial court to resolve any ambiguity that may exist. *Thiem v. Thomas supra.*

The trial court made the following finding: "[T]he consideration to be paid to Emil A. Hanslin by Edwin H. Keith for his services as a land architect in redesigning the subdivision was Edwin H. Keith's promise to plant a hedgerow *along the entire area* marked 'open space buffer' on the design submitted by Hanslin, which buffer zone is 50 feet in width." (Emphasis added.) The trial court also found that it was an essential part of Hanslin's design that a hedgerow of sufficient height and depth be planted "so as to completely separate the residential area from the commercial area for all visual and aural purposes." It further found that Hanslin built a home on lot 9 at a cost in excess of $100,000 in 1971, in reliance upon Keith's promise to plant the appropriate hedgerow in accordance with Hanslin's design purposes. Finally, the court found that as "a result of Keith's breach of covenant in not planting the agreed-upon hedgerow the view from Hanslin's house has been and continues to be marred by the ugly view and noise occasioned by the existing commercial district."

The trial court, having found that the defendant has breached the covenant in the deed, ordered Keith to have a hedgerow planted in accordance with a plan previously introduced in evidence. Although the trial court found that Keith promised to plant a hedgerow along the entire open space buffer area, it

improperly ordered the hedgerow to run to the southeasterly corner of lot 7 instead of running along the entire open-space buffer area as required by the Hanslin plan and agreed upon by the parties. There was ample evidence that a hedgerow for that entire distance was necessary for the "visual and aural protection" of Hanslin's property required by the covenant in the deed.

It is true that the granting of specific performance is discretionary. *Tuttle v. Palmer*, 117 N.H. 477, 374 A.2d 661 (1977). However, "an appeal to a judge's discretion is an appeal to judicial conscience. The discretion must be exercised, not in opposition to, but in accordance with, established principles of law. . . ." R. BOWERS, JUDICIAL DISCRETION OF TRIAL COURTS, § 11 (1935). Sound discretion means "a discretion in consonance with well established principles of law, one that is neither arbitrary, vague nor fanciful." *State v. Tune*, 13 N.J. 203, 222, 98 A.2d 881, 891 (1953); *see Emerson v. King*, 118 N.H. 684, 394 A.2d 51 (1978); *Chute v. Chute*, 117 N.H. 676, 377 A.2d 890 (1977). The fact that the trial court found that the cost to erect a hedgerow along the entire length of the buffer zone had risen from $1,500 in 1971 to $4,000 at the time of hearing does not constitute a lawful ground to deny specific performance of the contract between the parties if the delay was caused by the defendant himself. *Emerson v. King supra.*

The trial court properly found and ruled that the real estate contract between the parties required the hedgerow to run along the entire open-space buffer. Furthermore, the record reveals that there are "no significant equitable reasons for refusing to grant specific performance," and thereby order defendant Keith to extend the hedgerow in accordance with the contract between the parties. *Chute v. Chute supra.* The trial court's decree to the contrary is set aside. In substitution, we order the hedgerow to be planted as shown on the recorded plan of the Hanslin-designed Keith subdivision.

*So ordered.*