Rockingham
No. 2003-771

RAL AUTOMOTIVE GROUP, INC.

v.

JAY C. EDWARDS & a.

Argued: September 14, 2004
Opinion Issued: November 30, 2004

*Sakellarios & Associates*, of Manchester (*Jean-Claude Sakellarios* on the brief and orally), for the plaintiff.

*Shaines & McEachern. P.A.*, of Portsmouth (*Robert A. Shaines* and *Alec L. McEachern* on the brief, and *Mr. Shaines* orally), for defendant Jay C. Edwards.

*McLane, Graf, Raulerson & Middleton, P.A.*, of Manchester (*Ralph F. Holmes* and *John K. Hatch* on the brief), for R. Anthony Laughrey, as *amicus curiae*.

*Gerard J. Boyle*, of Plymouth, for defendants Minato Auto, LLC and James Boyle, filed no brief.

NADEAU, J. Defendant Jay C. Edwards appeals the Superior Court's (*McHugh*, J.) order denying his motion to compel the plaintiff, RAL Automotive Group, Inc. (RAL), to post an irrevocable letter of credit pursuant to both a court-approved settlement agreement between the parties and a subsequent court order. We vacate and remand.

The record reveals the following facts. Edwards owns real property in Portsmouth that he has leased to RAL for operation of a car dealership. The lease term runs from July 28, 1997, through July 27, 2017. Following default by RAL on the lease and resulting legal action by Edwards, the parties entered into a settlement agreement that provided, in part:

> So long as there is no change in the Toyota Dealership or principal of [RAL], [Edwards] shall be entitled to invest the funds now in the possession of [his lawyers] in a certificate of deposit in the amount of $132,090. Said CD to be held by [Edwards] as security for the timely performance of all payments

due as rent, taxes (real estate), insurance and similar obligations under the lease . . . .

At such time as Toyota approves a new dealer, as is now contemplated . . . [RAL] shall purchase an Irrevocable Letter of Credit from a N.H. Bank, acceptable to [Edwards] in the face amount of $132,090 to serve as a security deposit under the lease in place of the CD.

In September 2001, RAL sold its dealership to defendant Minato Auto, LLC (Minato) and purported to assign the lease to it. Minato has since run a Toyota dealership from the premises. Edwards has refused, however, to consent to assignment of the lease to Minato because Minato's principal has refused to personally guarantee performance under the lease. In September 2001, Edwards notified RAL of defaults under the lease and in November, RAL brought an equitable action to determine, among other things, the parties' rights and obligations under the lease and purported assignment.

On April 28, 2003, the Superior Court (*Hollman*, J.) ruled that Edwards "acted reasonably" in refusing to consent to assignment of the lease and that the assignment was void. Accordingly, the court ruled that "RAL remains the tenant under the Lease" and that Minato was a tenant at will. The court found that "there was a clear change in the Toyota dealer from RAL to Minato as of September 5, 2001," and ruled that under the terms of the court order approving the parties' settlement agreement, "Edwards [wa]s no longer entitled to invest the escrow funds in a certificate of deposit." The court ruled, however, that "[e]ven with a new Toyota dealer on the Premises, the court's order still requires RAL to 'purchase an irrevocable letter of credit . . . to serve as a security deposit under the lease in place of the CD.'"

On August 13, 2003, Edwards filed a motion to compel RAL to post the irrevocable letter of credit. RAL objected and alleged, among other things, that Edwards had served Minato with a notice to quit in an attempt to terminate its tenancy as of September 1, 2003. Following a hearing, the Superior Court (*McHugh*, J.) denied the motion. The court found that circumstances had changed since the issuance of Judge Hollman's order and that Edwards no longer needed the security of a letter of credit. Specifically, the court noted that Edwards had elected "to evict the current tenant and, thus, put an end to his rent stream." Thus, the court concluded, Edwards was the cause of any loss of rent he would suffer. Edwards filed a motion for reconsideration, which the court denied.

Edwards appeals the denial of his motion to compel. "A decree granting specific relief is not a matter of right, but rests in the sound discretion of the trial court according to the circumstances of the case." *Shakra v. Benedictine Sisters*, 131 N.H. 417, 421 (1989) (quotations and brackets omitted). Thus, we review the trial court's ruling under the unsustainable exercise of discretion standard. *See State v. Lambert*, 147 N.H. 295, 296 (2001). "To be reversible on appeal, the discretion must have been exercised for reasons clearly untenable or to an extent clearly unreasonable to the prejudice of the objecting party." *Arcidi v. Town of Rye*, 150 N.H. 694, 704 (2004) (quotation omitted).

The trial court declined to enforce Judge Hollman's ruling that the settlement agreement required the posting of a letter of credit because it found that "the circumstances surrounding the property at issue ha[d] drastically changed" in the intervening time. The change in circumstances identified by the trial court was Edwards' eviction of Minato. The court reasoned:

> The requirement of a letter of credit was to protect Edwards in the event that he suffered a loss of future rent. In light of his decision to end the relationship with the current tenant, the Court is compelled to find that by that action he is no longer in need of protection for the loss of rent due under the lease.

The court later explained its ruling, stating that when Judge Hollman issued his order, he "assumed that the lease would remain in place for many more years. If that were to be the case, then it would make sense to order the lessee or its sublessee to post a letter of credit." The court concluded, however, that Judge Hollman's assumption no longer held:

> Since Judge Hollman issued his order, the property owner has elected to evict the lessee and/or sublessee. Thus, the property owner will have possession of the real estate long before the term set forth in the lease. Because of that fact, the property owner does not need the protection of a letter of credit because no rent loss or damage to the property can be caused by a lessee or sublessee who does not have possession of the property.

The court's ruling is based upon "reasons clearly untenable," at least in the absence of a factual finding that Edwards intended to terminate RAL's liability under the lease by taking possession of the property. *Arcidi*, 150 N.H. at 704. While the issue before the court was discretionary, "[t]he discretion must be exercised, not in opposition to, but in accordance with,

established principles of law." *Hanslin v. Keith,* 120 N.H. 361, 364 (1980) (quotation omitted).

We have held that where a tenant surrenders a lease by relinquishing possession of the premises, and the landlord accepts such surrender, the tenant is no longer liable for rent under the lease. *See Novak v. Company,* 84 N.H. 93, 95 (1929). Absent such intent, however, repossession, and even reletting the premises to a third party, does not terminate the tenant's obligation to pay rent. *Id,* at 97. "The relationship of landlord and tenant and liability on the covenants in a lease are not dependent on each other." *Id.* at 96 (quotation omitted).

> When there is a special covenant to pay the rent, the fact that the tenant never occupied the premises, or in any manner took possession of or asserted a right thereto, will not relieve him from liability upon his covenant, but he will be held to pay the rent for the full term.

*Id.* (quotations omitted). Thus, that Edwards would reacquire possession of the property upon evicting Minato would not necessarily relieve RAL from its liability to pay rent under the lease.

While representations were made at oral argument about the status of the property after the eviction of Minato, there is no evidence in the record regarding these representations. No factual findings have been made as to whether the lease is ongoing, is in breach, or has been terminated. Because such findings are crucial to a determination of whether enforcement of the obligation to post a letter of credit would be both available and equitable, we vacate Judge McHugh's orders. We remand for a determination of whether the lease is ongoing, in which case enforcement may, in the trial court's discretion, be available, or whether the lease has been breached or terminated, making an action for damages the more appropriate vehicle for relief.

RAL nevertheless argues that the trial court's opinion is supported by the doctrines of mitigation of damages and avoidable consequences. "For the mitigation doctrine to apply, however, the party against whom the doctrine is asserted must be seeking damages." *Grenier v. Barclay Square Commercial Condo. Owners' Assoc.,* 150 N.H. 111, 119 (2003). Edwards is not seeking damages from RAL; rather, his motion to compel RAL to post the letter of credit sought equitable relief. Thus, while mitigation may become an issue if Edwards later seek damages, at this juncture, the doctrine does not apply. *See id.*

Similarly, "the doctrine of avoidable consequences ... is a specific type of mitigation." *Anglin v. Kleeman*, 140 N.H. 257, 263 (1995). "This doctrine states that a party cannot recover damages flowing from consequences which that party could reasonably have avoided." *Id.* (quotation omitted). Again, as Edwards is not seeking damages, this doctrine does not apply.

Finally, Edwards argues that the trial court erred in finding, contrary to Judge Hollman's ruling, that Minato was a lessee or sublessee. It is not clear from the trial court's opinion whether the use of the phrase "lessee or sublessee" was intended to be a factual finding. In any event, as we are vacating the order, the trial court can clarify this issue on remand.

*Vacated and remanded.*

DALIANIS and DUGGAN, JJ., concurred.