**THE STATE OF NEW HAMPSHIRE**

**SUPREME COURT**

**In Case No. 2014-0273, <u>In the Matter of Garrett Lear and Annette Lear</u>, the court on February 27, 2015, issued the following order:**

Having considered the brief, memorandum of law, and the record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). The husband, Garrett Lear, appeals entry by the Circuit Court (<u>Patten</u>, J.) of the final decree in his divorce from the wife, Annette Lear. We affirm.

We afford trial courts broad discretion in determining matters of property distribution and alimony when fashioning a final divorce decree. <u>In the Matter of Crowe & Crowe</u>, 148 N.H. 218, 221 (2002). We will not overturn the trial court's decision absent an unsustainable exercise of discretion. <u>Id</u>. "If the court's findings can reasonably be made on the evidence presented, they will stand." <u>In the Matter of Letendre & Letendre</u>, 149 N.H. 31, 36 (2002).

The husband first argues that the trial court erred because its narrative order "was silent as to the issue of condonation." "The affirmative defense of condonation is the forgiveness of an antecedent matrimonial offense on condition that it shall not be repeated." <u>In the Matter of Dube & Dube</u>, 163 N.H. 575, 579 (2012) (quotation omitted). "Under the doctrine, if either party to a marriage thinks proper to forgive the [misconduct] of the other, it cannot afterwards be set up as a ground of divorce, without evidence of a further injury." <u>Id</u>. (quotation and brackets omitted). Although the trial court did not make an explicit finding with regard to the husband's affirmative defense of condonation, we assume that it made "all subsidiary findings necessary to support its decision." <u>Smith v. Lillian V. Donahue Trust</u>, 157 N.H. 502, 508 (2008).

The husband next asserts that the trial court erred because his condonation defense, as a matter of law, precluded the court from granting the wife's petition for divorce on the ground of extreme cruelty. "We cannot hold on the record before us that the [court's] implied finding that there was no condonation . . . was not warranted and proper." <u>Tibbetts v. Tibbetts</u>, 109 N.H. 239, 241 (1968).

The husband next contends that the trial court applied an incorrect legal standard to evaluate the wife's claim that his conduct constituted extreme

cruelty.  See RSA 458:7, III (2004).  The husband argues that to grant a divorce to the wife on the ground of extreme cruelty, the trial court had to find evidence of bodily injury.  He is incorrect.  Divorce upon the ground of extreme cruelty may also be granted upon proof of threatened bodily injury.  In the Matter of Guy & Guy, 158 N.H. 411, 412 (2009).  Thus, we disagree with the husband that the trial court applied the wrong legal standard in this case.

The husband next argues that the trial court erred when it granted the wife's cross-petition for divorce because, he asserts, he presented evidence "which overwhelmingly rebutted the [wife's] assertion that extreme cruelty caused the breakdown of the marriage."  He further contends that the trial court, in this case, improperly weighed the evidence.  However, we defer to the trial court on matters such as "resolving conflicts in the testimony, measuring the credibility of witnesses, and determining the weight to be given evidence." In the Matter of Sawyer & Sawyer, 161 N.H. 11, 18 (2010).  Based upon the evidence at trial, we conclude that the trial court reasonably could have found that extreme cruelty caused the breakdown of the marriage.  See Letendre, 149 N.H. at 36.

The husband next challenges the trial court's property division.  RSA 458:16–a, II (2004) creates a presumption that equal distribution of marital property is equitable.  In the Matter of Salesky & Salesky, 157 N.H. 698, 708 (2008).  Absent special circumstances, the court must make the distribution as equal as possible.  Id.  The statute enumerates various factors for the court to consider, such as the length of the marriage, the ability of the parties to provide for their own needs, the needs of the custodial parent, the contribution of each party during the marriage and the value of property contributed by each party.  Id.  Additionally, the court may consider "[a]ny other factor [it] deems relevant" in equitably distributing the parties' assets.  RSA 458:16–a, II(o).  A trial court is not precluded, however, from awarding a particular asset in its entirety to one party.  In the Matter of Salesky & Salesky, 157 N.H. at 708.

The trial court's narrative order indicates that the court found it equitable to divide the parties' real estate interests unequally, awarding 55% of those interests to the wife and 45% of them to the husband, and to divide their other property approximately equally.  The trial court divided the parties' real estate interests unequally after considering several of the enumerated factors. See RSA 458:16-a, II(a)-(c), (f)-(h), (m)-(n).  As the record supports the trial court's consideration of those factors, we uphold its property division.

Finally, the husband challenges the trial court's alimony award.  RSA 458:19, I (Supp. 2014) authorizes the trial court to award alimony if:  (1) the party in need lacks sufficient income, property, or both to provide for his or her reasonable needs, considering the style of living to which the parties have

2

become accustomed during the marriage; (2) the payor is able to continue to meet his or her own reasonable needs, considering the style of living to which the parties have become accustomed during the marriage; and (3) the party in need cannot be self-supporting through appropriate employment at a standard of living that meets reasonable needs, or is the custodian of the parties' child, whose condition or circumstances make it appropriate that the custodian not seek employment outside the home. In determining the amount of alimony, a trial court must consider various factors enumerated in RSA 458:19, IV (2004). Nevertheless, trial courts have broad discretion in awarding alimony. In the Matter of Dube & Dube, 163 N.H. at 580. We review the trial court's decision under our unsustainable exercise of discretion standard. Id.

In this case, after considering the factors enumerated in RSA 458:19, IV, the trial court awarded the wife $400 in monthly alimony until the parties' real estate interests are sold. The husband argues that the alimony award constitutes an unsustainable exercise of discretion, in part, because the wife failed to present sufficient evidence of her monthly expenses. The trial court found that the wife had monthly expenses of $1,615, not including housing expenses. At the hearing, the wife's counsel represented that the wife had submitted a financial affidavit "with attached monthly expenses." However, the husband has not provided a copy of this affidavit with its attachments as part of the record on appeal. Absent a complete record, we must assume that the evidence supported the trial court's findings with regard to the wife's monthly expenses. See Bean v. Red Oak Prop. Mgmt., 151 N.H. 248, 250 (2004).

The husband also argues that the record does not support the trial court's finding that he had an ability to pay the wife $400 in monthly alimony given that he reported monthly income of only $1,600. The trial court observed that the husband "does not file any income tax returns" and has "opted out of social security early on in his ministry career," such that "there are no tax records or social security report of earnings to confirm his contention that he receives approximately $1,600 per month in income. The court found that the husband receives annual disbursements "from the voluntary donations by the . . . participants" in his ministry "from a high of $6,600 per year to a low of $3,100 per year." The court also found that "the ministry itself received considerably more" donations, "ranging from $92,000 to $27,000." The court found that "apparently some of the [ministry's] money is . . . given to the [husband] as a housing allowance for a home that is also used by the ministry, as well as a travel allowance." The court further found that, although the husband reported only $1,600 per month in income, he "shows a total of $2,307.00 in monthly expenses." In light of these findings, which are supported by the record, we conclude that the record supports the trial court's determination that the husband has the ability to pay the wife $400 in monthly alimony until the parties' real estate interests are sold.

Finally, the husband contends that because the real estate market is "unpredictable," in effect, the alimony award "can only be classified as indefinite." We disagree. The trial court specifically stated that the wife's alimony award ceased upon the sale of the marital real estate. Accordingly, the alimony award is an award of a definite duration.

Affirmed.

Dalianis, C.J., and Hicks, Conboy, Lynn, and Bassett, JJ., concurred.

**Eileen Fox,**
**Clerk**